IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE, | No. 2:18-CV-2835-MCE-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| E. LILJOHN, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for injunctive relief (ECF Nos. 28 and 29).

## I. PROCEDURAL HISTORY

The matter currently proceeds on plaintiff's original complaint, filed on October 23, 2018. See ECF No. 1. Plaintiff claims defendants used excessive force in violation of his rights under the Eighth Amendment. See id. On November 7, 2019, the court determined the complaint was appropriate for service, see ECF No. 10, and on December 19, 2018, defendants filed their answer, see ECF No. 15. On February 27, 2019, the court issued a scheduling order directing that discovery be completed by July 1, 2019, and that any dispositive motions be filed within 90 days thereafter. See ECF No. 17. No dispositive motions were filed within the

1

established deadline and, on October 4, 2019, the court directed the parties to file trial-setting status reports. See ECF No. 21. Plaintiff filed his status report on October 18, 2019, see ECF No. 24, and defendant filed his status report on November 15, 2019, see ECF No. 26. The matter is now ready for issuance of a final scheduling order setting the case for trial before the assigned District Judge.

## II.  PLAINTIFF'S CURRENT MOTIONS

Plaintiff has filed two motions for preliminary injunctive relief. See ECF Nos. 28 and 29. In his first motion, filed on December 4, 2019, plaintiff states:

> On October 23, 2018, Plaintiff filed a civil rights complaint pursuant to § 1983, against correctional officer E. Littlejohn, who is currently employed at the California Correctional Institution (C.C.I.). Plaintiff has alleged that Officer E. Littlejohn did in fact use excessive force against the plaintiff.
> Although this action has not yet been set for trial by the court, the defendant has expressed to the court its desire to schedule a settlement conference hearing.
> On October 9, 2019, Plaintiff appeared before (CDCR) Unit Classification due to his reduced level of custody from a level three to level two (2) points. On October 30, 2019, the Classification staff representative elected to endorse Plaintiff to Mule Creek State Prison (MCSP) level (2).
> However, Plaintiff has just been given a last-minute notice by a correctional counselor K. Wiser, that staff at the California Correctional Institution has requested that Plaintiff be transferred to that Institution to deal with a "lawsuit."
> Plaintiff contends that the only lawsuit he has in any court is the present one, and that High Desert State Prison has scheduled Plaintiff's departure to the California Correctional Institution for December 04, 2019.
>
> * * *
>
> Plaintiff is very fearful at this time and believes it is very necessary that the court issue an immediate temporary restraining order until this matter is fully resolved. . . .
>
> ECF No. 28.

Plaintiff contends that, if a restraining order is not issued, he ". . .will be retaliated against via threats and physical violence or even death." Id. at 3.

///

///

2

In his second motion, filed on December 12, 2019, plaintiff states:

> On December 7, 2019, at approximately 1737 hours, Plaintiff arrived at the California Correctional Institution level II facility Receiving & Release (R&R). Plaintiff was met by six (6) officers who stripped searched Plaintiff and told him to walk through the metal detector. As Plaintiff attempted to walk through, the detector went off, which was strange because Plaintiff had no metal on his person.
> Plaintiff was taken via van to the level four (4) facility, which Plaintiff was then met by a sergeant named Gregore and a heavy-set officer named J. Kigley. Kigley stated to Plaintiff "You now why you're here?" and Plaintiff said no. Kigley told Plaintiff "Look I'm not going to play games with you. While you're here you're going to drop that fucking lawsuit against my partners or I'm going to beat the fuck out of you do you understand me?" Plaintiff was extremely in fear that he agreed.

ECF No. 29.

Plaintiff asserts that ". . .he will eventually be physically hurt, continuously harassed and or forced to dismiss his suit against the defendant if he is not immediately to [sic] Mule Creek State Prison." Id. at 3.

### III.  DISCUSSION

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Having considered the principles discussed above, the court finds that injunctive relief is not warranted. Plaintiff's first motion seeks relief against unnamed members of the Classification Committee at plaintiff's prior prison enjoining his transfer to the California Correctional Institution (CCI). Plaintiff's second motion seeks relief against prison officials at CCI requiring him to be transferred to Mule Creek State Prison. None of these prison officials is a party to this action. Because plaintiff has not sought relief against a party to this action, plaintiff's motions should be denied. See Zenith Radio Corp., 395 U.S. at 112.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (ECF Nos. 28 and 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 21, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE