1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONELL THOMAS HAYNIE,                    No. 1:20-cv-00457-NONE-HBK (PC)

12                 Plaintiff,

13         v.                                 TENTATIVE PRETRIAL ORDER

14   E. LILJOHN, *Correctional Officer*,

15                 Defendant.

16

17         On October 29, 2021, the court conducted a pretrial conference in this action.  Plaintiff

18   Donell Thomas Haynie appeared *pro se* via Zoom; Deputy Attorney General David C. Goodwin

19   appeared via Zoom as counsel for defendant Liljohn.  Having considered the parties' pretrial

20   statements, the court issues this tentative pretrial order.

21         Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights

22   action brought pursuant to 42 U.S.C. § 1983 against defendant Liljohn.  Plaintiff claims that

23   defendant used excessive force on him when he pepper sprayed plaintiff following plaintiff's

24   altercation with a fellow inmate.

25   I.    JURISDICTION/VENUE

26         Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.  Jurisdiction is not contested.

27         Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

28   /////

                                              1

II.    JURY

Both parties demanded a trial by jury.  The jury will consist of seven jurors.

III.    UNDISPUTED FACTS

1.    Plaintiff Donnell Thomas Haynie (V-26710) is a California state prisoner.

2.    At the time of the events, Liljohn was a Correctional Officer who worked for the California Department of Corrections and Rehabilitation ("CDCR").

3.    The events occurred at California Correctional Institute in Tehachapi.

4.    On July 4, 2017, Haynie fought his fellow inmate Bideaux, and punches were exchanged.

5.    In the immediate aftermath of the fight between Haynie and Bideaux, Liljohn used pepper spray on Haynie.

IV.    DISPUTED FACTUAL ISSUES

1.    Whether Liljohn personally witnessed Haynie fighting Inmate Bideaux.

2.    What type of pepper spray Liljohn used.

3.    The distance from which Liljohn sprayed Haynie.

4.    Whether Haynie fought inmate Bideaux with "closed fists."

5.    Whether Haynie continued fighting after the emergency alarm rang.

6.    Whether Haynie was "prone" when he was pepper sprayed.

7.    Whether Haynie sustained injuries from the pepper spray.

V.    DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Nonetheless, any motions *in limine* the parties elect to file shall be filed no later than **28 days before trial**.  Oppositions shall be filed no later than **14 days before trial** and any replies shall be filed no later than **7 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

2

VI.     SPECIAL FACTUAL INFORMATION

Special factual information pursuant to Local Rule 281(b)(6) is not applicable to this action.

VII.    RELIEF SOUGHT

1.      Plaintiff seeks $50,000 in compensatory damages and $100,000 in punitive damages.

2.      Defendant seeks a judgment in his favor and an award of costs.

VIII.   POINTS OF LAW

The claims arise under federal law.  Plaintiff's claims are brought against defendant Liljohn.

1.      The elements of, standards for, and burden of proof in a cause of action for excessive force in violation of the Eighth Amendment.

2.      The elements of, standards for, and burden of proof for an award of punitive damages.

Trial briefs addressing the points of law implicated by the remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.  Defendant may not raise any affirmative defenses at trial that are not included in his pretrial brief.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY LISTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

IX.     ABANDONED ISSUES

None.

X.      WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.[1]  Each party may call any witnesses designated by the other.

---

[1]  Defendant is not required to call all of the witnesses listed.  However, Correctional Officers R. Maciejewski and D. Nelson shall be present by 9:30 a.m. on the first day of trial and shall be available for plaintiff to call on direct examination in his case in chief.

3

1   Once a trial date is confirmed, the court will initiate the process to compel the appearance of

2   plaintiff's incarcerated witnesses.  Instructions will be provided to plaintiff at that time on how to

3   procure their appearance, including the payment of all applicable fees.

4       A.    **The court does not allow undisclosed witnesses to be called for any purpose,**

5           **<u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

6           (1)    The party offering the witness demonstrates that the witness is for the

7                   purpose of rebutting evidence that could not be reasonably anticipated at

8                   the pretrial conference; or

9           (2)    The witness was discovered after the pretrial conference and the proffering

10                  party makes the showing required in paragraph B, below.

11      B.    Upon the post pretrial conference discovery of any witness a party wishes to

12          present at trial, the party shall promptly inform the court and opposing parties of

13          the existence of the unlisted witnesses so the court may consider whether the

14          witnesses shall be permitted to testify at trial.  The witnesses will not be permitted

15          unless:

16          (1)    The witness could not reasonably have been discovered prior to the

17                  discovery cutoff;

18          (2)    The court and opposing parties were promptly notified upon discovery of

19                  the witness;

20          (3)    If time permitted, the party proffered the witness for deposition; and

21          (4)    If time did not permit, a reasonable summary of the witness's testimony

22                  was provided to opposing parties.

23  XI.    <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

24      Joint exhibits are listed in **Attachment C**.  At trial, joint exhibits shall be identified as JX

25  and listed numerically, e.g., JX-1, JX-2.  At the moment, the parties have not designated any joint

26  exhibits.[2]

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[2]  The parties are directed to confer about creating a joint exhibit list, which can be submitted as

28  an objection to this pretrial order.

4

1      Plaintiff's exhibits are listed in **Attachment D**.  Defendant's exhibits are listed in

2    **Attachment E**.  No exhibit shall be marked with or entered into evidence under multiple exhibit

3    numbers, and the parties are hereby directed to meet and confer for the purpose of designating

4    joint exhibits.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1,

5    JX-2.  Plaintiff's exhibits shall be listed numerically and defendant's exhibits shall be listed

6    alphabetically.  All exhibits must be pre-marked.  The parties must prepare three (3) separate

7    exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance

8    with the specifications above.  Each binder shall have an identification label on the front and

9    spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to

10    exhibits are due no later than **14 days before trial**.  In making any objection, the party is to set

11    forth the grounds for the objection.  The final exhibit binders are due **the Thursday before trial**.

12    As to each exhibit which is not objected to, it shall be marked and received into evidence and will

13    require no further foundation.

14        **The court does not allow the use of undisclosed exhibits for any purpose, <u>including</u>**

15    **<u>impeachment or rebuttal</u>, unless they meet the following criteria:**

16    A.    The court will not admit exhibits other than those identified above, unless:

17        (1)    The party proffering the exhibit demonstrates that the exhibit is for the

18                purpose of rebutting evidence that could not have been reasonably

19                anticipated; or

20        (2)    The exhibit was discovered after the issuance of this order and the

21                proffering party makes the showing required in paragraph B, below.

22    B.    Upon the discovery of exhibits after the issuance of this order, a party shall

23        promptly inform the court and opposing parties of the existence of such exhibits so

24        that the court may consider their admissibility at trial.  The exhibits will not be

25        received unless the proffering party demonstrates:

26        (1)    The exhibits could not reasonably have been discovered earlier;

27        (2)    The court and the opposing parties were promptly informed of their

28                existence; and

(3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

XII.   <u>DISCOVERY DOCUMENTS</u>

The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of Court no later than **14 days before trial**.

The parties do not list any discovery documents that they intend to use at trial.  Note that should the parties seek to introduce such materials, the court generally does not allow the admission into evidence of entire discovery documents.

XIII.   <u>FURTHER DISCOVERY OR MOTIONS</u>

Defendant states that no further discovery is necessary.  Defendant anticipates filing motions *in limine* and requests that the deadline to file motions *in limine* be set at least twenty-one days before the date set for trial.  If appropriate, defendant may move for judgment as a matter of law under Federal Rule of Civil Procedure 50 at the close of plaintiff's case in chief and before the case is submitted to the jury.

Law and Motion and Discovery are closed in this case.  Moreover, there is no indication in plaintiff's pretrial statement that he needs further discovery or that he intends to file any motions.

XIV.   <u>STIPULATIONS</u>

The parties have not entered into any stipulations.  However, to avoid unnecessary delay and expense, defendant requests a stipulation that documents from plaintiff's central and medical files be authenticated by declarations from the appropriate records custodians.

XV.   <u>AMENDMENTS/DISMISSALS</u>

None.

XVI.   <u>SETTLEMENT</u>

The parties participated in a settlement conference on December 11, 2020 before United States Magistrate Judge Jennifer L. Thurston and were unable to reach a settlement.

XVII.   JOINT STATEMENT OF THE CASE

The court has drafted the following neutral statement of the case to be read to the prospective jurors:

> Plaintiff claims that while he was incarcerated as a state prisoner, defendant, a correctional officer at the prison, used excessive force on plaintiff when he sprayed plaintiff with pepper spray during the aftermath of a prison fight.  Defendant admits that he used pepper spray in an effort to end an altercation but denies it was used inappropriately or constituted excessive force.

The parties are directed to raise any objection to this neutral statement of the case in any objections they file to this tentative Pretrial Order.

XVIII.  SEPARATE TRIAL OF ISSUES

There will be no separate trial of issues in this action.  However, as stated at the pretrial conference, the court will bifurcate the trial with respect to the amount of punitive damages, if necessary.  Should a jury find punitive liability in the first phase of the trial, the trial will proceed to a second phase which will consist of any evidence and argument with respect to the appropriate amount, if any, of punitive damages.  The parties may not present evidence regarding the amount of punitive damages until the second phase of the trial.

XIX.    IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX.     ATTORNEYS' FEES

Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees.  *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Defendant will request an award of costs if he prevails at trial.

XXI.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Special handling of prison records and photographs may be appropriate as to any confidential information where disclosure may compromise the safety and security of the institution, staff, or other inmates, or impinge on plaintiff's medical privacy.

In the event that defendant is required to disclose information concerning his financial status, he will request that the Court issue a protective order concerning this information, under

1 | Local Rule 141.1(b)(2).

2 |   Defendant requests that the court retain exhibits pending appeal, if necessary.  As stated at

3 | the pretrial conference, defendant's request for the court to retain exhibits pending appeal is

4 | denied.  Pursuant to the court's policy, at the end of the trial, the court will return all exhibits to

5 | their chambers to be retained during the pendency of any appeals.

6 | XXII.   MISCELLANEOUS

7 |   None.

8 | XXIII.   ESTIMATED TIME OF TRIAL/TRIAL DATE

9 |   Trial is anticipated to last no more than 2-3 days.  However, the court is not setting a trial

10 | date at this time.  Instead, the court sets a trial setting status conference for **April 8, 2022, at 1:30**

11 | **p.m.**  Unless instructed to do otherwise in a subsequent order, the parties shall appear at the

12 | conference with each party connecting remotely either via Zoom video conference or Zoom

13 | telephone number.  The parties will be provided with the Zoom ID and password by the

14 | Courtroom Deputy prior to the conference.  If plaintiff is still incarcerated at the time of the

15 | conference, counsel for defendant is required to arrange for the participation of plaintiff.  If

16 | plaintiff is not incarcerated, plaintiff should call Irma Munoz, courtroom deputy, at (559) 499-

17 | 5682, at least three days prior to the conference so that he can obtain the Zoom information or

18 | discuss the possibility of appearing by telephone.

19 |   The parties are directed to Judge Drozd's standard procedures available on his webpage

20 | on the court's website.  The Clerk of Court will be directed to serve plaintiff with a copy of those

21 | procedures prior along with this tentative pretrial order.  When a new district judge is assigned,

22 | their procedures will be provided.  In the event of any conflicting requirements, the new judge's

23 | procedures will supersede Judge Drozd's.

24 | XXIV.   PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

25 |   The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be

26 | limited to fifteen minutes of jury *voir dire*.

27 |   The court directs the parties to meet and confer, if possible, in an attempt to generate a

28 | joint set of jury instructions and verdict forms.  The parties shall file any such joint set of

8

instructions **21 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **21 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document, to noneorders@caed.uscourts.gov no later than **21 days before trial**; all blanks in form instructions should be completed and all brackets removed.  This requirement does not apply to plaintiff unless he is appointed counsel.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject matter in question.

XXV.  <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **28 days from the date of this order** to file objections to the same.  Each party is also granted **14 days thereafter** to respond to the other party's objections.  Such objections shall specify the requested modifications, corrections, additions, or deletions.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **November 6, 2021**                          _____

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A:  Plaintiff's Witness List**

1. Defendant Liljohn,

2. Correctional Officer R. Maciejewski

3. Correctional Officer D. Nelson

4. Cosme Presas, #AY-3897, imprisoned at California State Prison in Lancaster, California

5. Charles William Dykes-Dalby, #AU4851, imprisoned at High Desert State Prison in Susanville, California.

**ATTACHMENT B:  Defendant's Witness List**

1.  Plaintiff Haynie

2.  Defendant Littlejohn

3.  Jose Andrade

4.  Dwayne Bonffil

5.  Hector Carmona

6.  Victory Cay

7.  Robert Maciejewski

8.  Joseph Morley

9.  David Nelson

10. Luis Machado

11. Ed Bega

**ATTACHMENT C:  JOINT EXHIBITS**

N/A

**ATTACHMENT D:  PLAINTIFF'S EXHIBITS**

1. None.[3]

---

[3]  If plaintiff wants to add exhibits, he may do so by objecting to this order.  As the court informed plaintiff on the record, plaintiff must identify his exhibits with specificity.

**ATTACHMENT E:  DEFENDANT'S EXHIBITS**

1. Haynie's CDCR chronological movement history

2. Complete CDCR 837-A Crime/Incident Report, log number CCI-FAC-17-0267, reported by Machado

3. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Andrade

4. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Bonffil

5. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Carmona

6. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Cay

7. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Littlejohn

8. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Maciejewski

9. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Morley

10. CDCR 837 Part C Staff Report, log number CCI-FAC-17-0267, by Nelson

11. CDCR 7219 dated July 4, 2017, by Cay

12. CDCR 602 grievance log number CCI-0-17-01908

13. Photographs of all areas of the prison where the alleged incidents took place on July 4, 2017

14. Relevant portions of Haynie's prison medical records from July 4, 2017, through the present

15. Excerpts from Haynie's verified complaint (ECF No. 1)

16. California Code of Regulations, Title 15, section 3268 (Jan. 2017 rev.)

17. Expert witness reports

18. Abstract of Judgment representing Haynie's conviction and sentence

19. Haynie's Probation Report

20. Abstract(s) of Judgment representing conviction(s) and sentence(s) of Haynie's inmate witnesses, if any.